# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30965

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2015

Lyle W. Cayce
Clerk

KENNITH W. MONTGOMERY,

Plaintiff-Appellant

v.

STATE OF LOUISIANA; CITY OF LAKE CHARLES; CALCASIEU PARISH; CLAYTON DAVIS; JOHN F. DEROSIER; BRETT P. GASPARD; KELVIN LEDOUX; TODD CHADDICK; MELANIE HINTON; JON HENDERSON; DAVID THOMPSON; EDWARDO BORDA; GARRETT PUCKETT; ROBERT TRAHAN; LEONARD GADDY; ALBERT HOOPER; SHERIFF'S DEPARTMENT CALCASIEU PARISH; TONY MANCUSO; H. LYNN JONES, II; ABRAHAM HANDY; CATHERINE STAGG; C A T DRUG TASK FORCE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-884

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kennith W. Montgomery, Louisiana prisoner # 123966, moves for leave to appeal in forma pauperis (IFP) following the district court's dismissal of his civil action. The district court dismissed Montgomery's civil rights claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concerning his arrest, trial, and conviction as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) because they were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

By moving for leave to proceed IFP, Montgomery is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Montgomery's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may determine the merits of a litigant's appeal "where the merits are so intertwined with the certification decision as to constitute the same issue." *Id.* If the appeal is frivolous, we may dismiss it sua sponte under 5TH CIR. R. 42.2. *See Baugh*, 117 F.3d at 202 n.24.

We reject Montgomery's contention that the district court's adverse ruling on his civil rights claims shows judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Montgomery asserts that, because he was granted leave to proceed IFP in the district court, his IFP status should carry over to his appeal; however, in order to proceed IFP on appeal, Montgomery must successfully challenge the district court's certification that his appeal was not taken in good faith. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Montgomery's contention that the district court did not properly certify that his appeal was not taken in good faith is without merit given that the district court incorporated by reference the reasons stated in the magistrate judge's report. *See Baugh*, 117 F.3d at 202 n.21.

Montgomery argues that his objections to the magistrate judge's report should have been upheld. However, after reviewing the record, we are satisfied that the district court, like the magistrate judge, did not err in determining that Montgomery's civil rights claims challenging his arrest, trial, and

No. 14-30965

conviction were barred under *Heck* because success on such claims would necessarily imply the invalidity of his conviction. *See Heck*, 512 U.S. at 486-87; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

Montgomery has waived all other issues involved in the instant appeal by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). In view of the foregoing, Montgomery has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Accordingly, Montgomery's motion for leave to proceed IFP is DENIED and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Montgomery's civil rights claims under § 1915(e)(2)(B)(i), (ii) counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the dismissal as frivolous of the instant appeal. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Montgomery has previously accumulated two strikes under § 1915(g) based on the district court's dismissal of civil actions. *See Montgomery v. City of Lake Charles*, No. 2:10-cv-1297 (W.D. La. Mar. 9, 2011); *Montgomery v. Mancuso*, No. 2:12-cv-2510 (W.D. La. Aug. 28, 2013). Because Montgomery has accumulated at least three strikes under § 1915(g), he is now BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).